COCKRELL v. CHECKER CAB CO.

———

(May 9, 1927. Opinion and Decree.)
(June 6, 1927. Rehearing Refused.)
(June 20, 1927. Second Application for Rehearing Refused.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Damages—Par. 37.**

Only such damages as may be reasonably contemplated as the result of a negligent act can be awarded. Remote and consequential damages will not be allowed.

2. **Louisiana Digest—Damages—Par. 38.**

Lost profits from a street paving contract will not be awarded plaintiff in a suit for damages for an injury caused by the negligent operation of a taxicab by a servant of defendant, on the ground that the injury incapacitated plaintiff thus preventing his personal presence the job and necessitating his supervision over the telephone.

Appeal from Civil District Court for the Parish of Orleans, Division "B." Hon. M. M. Boatner, Judge.

Action by Francis M. Cockrell against Checker Cab Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

P. L. Fourchy, of New Orleans, attorney for plaintiff, appellee.

Spencer, Gidiere, Phelps, Dunbar and E. E. Tablot, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff, while a passenger in a taxicab belonging to and operated by defendant, was injured because of the negligence of the chauffeur in running off the road, into and across a ditch, causing plaintiff to be considerably shaken up and injuring his knee. Defendant's liability is not seriously questioned. The only real issue is the quantum. The court, a qua, allowed $1375.00, which defendant insists is excessive. Plaintiff itemizes his damages as follows:

"Damages for physical suffering ___ $1000.00
"Damages in connection with paving
 job, McComb, Miss. _____ 752.69
"Expenses and disbursements_____ 125.00
"Loss of time _____ 500.00

Total _____$2377.69

The item of damages described as "in connection with paving job, McComb,.

Miss.", refers to an alleged loss plaintiff claims to have suffered by reason of his having to absent himself from McComb, Miss., where he was compelled to execute a contract, for street paving, by telephone supervision, being confined to his residence in New Orleans, suffering with his injuries, resulting from the accident.

Whatever damage plaintiff may have suffered on this account can not be allowed, because remote and inconsequential. Dwyer Bros. vs. Administrators, 47 La. Ann. 1235, 17 South. 796, and authorities there cited. See also Corpus Juris, Verbo Damages, Vol. 17, p. 751.

Plaintiff's injuries are described as a sprained knee with contusions followed by synovitis. He was incapacitated for two weeks, during which time he suffered, acutely at first, from pains in his knee and leg. He has proven the expense claimed in tha sum of $125.00. We are of opinion that the judgment should be reduced to $1000.00.

It is therefore ordered that the judgment appealed from be amended by reducing the sum awarded plaintiff to the sum of $1000.00, and as thus amended it is affirmed.

---

ON APPLICATION FOR REHEARING

The judgment is reduced from one thousand dollars to seven hundred and fifty dollars, and as thus amended the rehearing is refused.

---

PER CURIAM:

The judgment in this case was rendered on May 9, 1927, an application for rehearing was filed by defendant May 23, 1927, and refused with amendment of judgment on June 16, 1927; this application on plaintiff's behalf was filed June 18, 1927, beyond the fifteenth calendar day after the rendition of the judgment. Under Act 16 of 1910, p. 28, this application comes too late.